Crew, J.
As appears from the above statement of facts, the sole question presented in this case is whether or not the plaintiff in error, A. M. Major, is entitled to charge and collect poundage upon the amount of a sheriff’s sale of real estate made by him under an order of sale in a mortgage foreclosure suit, commenced and prosecuted by the defendant in error, The Mercantile Trust and Deposit Company, as Trustee, for the benefit and protection of the holders of certain bonds issued by the International Coal Company and secured by said mortgage, the property so sold having been purchased and bid in at said sheriff’s sale by the bondholders themselves, and having been paid for by them, — as authorized by the provisions of the mortgage and the terms of sale, — by their surrendering to the sheriff for cancellation, bonds of the International Coal Company in an amount sufficient to cover the purchase price, together with a sufficient amount in cash to cover the expenses and costs of sale. Whether upon these facts, and under such circumstances, plaintiff in error is entitled to the poundage claimed by him, must be determined by the provisions of Section 1230, Revised Statutes. This section, so far as its provisions are pertinent to the present inquiry, reads as follows: “The fees and compensation of sheriffs shall be as follows: * * * poundage on all moneys actually made, and paid to the sheriff on execution, decree or sale of real estate (except on writs for the sale of real estate in partition) one and.a half per centum on the first thousand dollars, and one per centum on all sums over one thousand dollars; but when such real estate is bid off and purchased by a party entitled *207 to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party.” The language of the provisions above quoted would seem to us to be too plain to require either comment or construction. Obviously, it was the plain purpose and intent of the legislature to thereby provide, that upon sales of real estate, poundage should be allowed’ to the sheriff, only upon moneys actually made and paid to him,-and that in no case should poundage be allowed to, or charged by the sheriff, when the real estate sold by him is bid off and purchased by a party entitled to a part of the proceeds, except on the amount over and above the claim of such party. Language more direct and certain, by which to express such purpose, could hardly have been employed, and unless the provisions of this section are to receive this interpretation, they are entirely without meaning or effect. In the present case no money,— except an amount sufficient to cover the' expenses and costs of sale,— was actually made or paid to the sheriff, nor could the sheriff have lawfully demanded or required of the purchasers that they pay over to him, in money, $871,000, the amount of their bid. Furthermore, in this case the purchasers, T. Edward Hambleton, Frank S. Hambleton, S. L. Mooney and W. C. Moonejq were, as owners and holders of all the outstanding bonds of The International Coal Company, entitled to the whole of the proceeds arising from the sale of said real estate, such real estate having been bid off by them for an amount less, by $4,886.10, than the sum required to satisfy their claim. So that, neither of the conditions essential, under Section *208 1230, Revised Statutes, to the right of the sheriff to charge and receive poundage on a sale of real estate by him made, existed in this case; whereas, to entitle him to such poundage it was necessary that both should exist. The view is suggested in argument by counsel for plaintiff in error, that the word “party” as used in Section 1230, Revised Statutes, is employed and used strictly in its legal and technical sense, and it is said that: “It seems clear from an examination of the history of this legislation providing for the poundage of a sheriff making a sale, that the legislature intended that the sheriff should not be entitled to his poundage in such cases, only where the purchaser was a party to the action and proceedings in which the decree was taken' and the order of sale made,” Such, however, is not the language of the section, and to import into this statute by construction any. such meaning as that, is to ignore the purpose of this legislation as well as the reason for the rule that withholds from the sheriff poundage in all cases where the purchaser is entitled to the proceeds of sale, and consequently not required to pay or hand over to the sheriff any part of the purchase price, except it be an amount sufficient to cover the costs and expenses of the sale. The law does not require a vain or unreasonable thing. And what could be more unreasonable and absurd than to require and exact of a purchaser at a sheriff’s sale of real estate (whether he be nominally a party to the suit or not), who is himself entitled to the whole of the proceeds arising from such sale, that he actually pay over and deliver to the sheriff, in money, the amount for which he bid off the property only to have the same immediately *209 returned to him in payment of his claim and lien, to satisfy which the property was sold. Again, to give to the provisions of Section 1230, in the present case, the effect claimed for them by counsel for plaintiff in error, would be to disregard the purpose for which poundage is allowed and given, namely: as a compensation to the sheriff for the risk incurred in handling and disbursing money actually received by him in his official capacity. Where no money is' received and no risk incurred, no compensation by way of poundage is earned, and under the provisions of Section 1230, .Revised Statutes, none can be'allowed or charged. We are of opinion that the circuit court properly held and adjudged in the present case that the sheriff was not entitled to charge and -receive poundage on the amount of the sale by him made, and the judgment of said circuit court must therefore be affirmed. The authorities from other states, cited by counsel for plaintiff in error, are not in conflict with the conclusion reached by us in this case, for in none of the cases cited was the decision of the court made under a statute containing limitations upon the right of a sheriff to charge and receive poundage, such as are found in Section 1230 of the Revised Statutes of Ohio.

J%idgment Affirmed.

Shauck, C. J., Price, Summers, Spear and Davis, JJ., concur.